**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-10038
Summary Calendar
_____


In the Matter of:

ERIC L. SHERMAN,

                              Debtor.


JOHN WHEAT GIBSON,

                              Appellant,

                VERSUS

COLONIAL SAVINGS,

                              Appellee.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CV-2690-H)
_____

September 3, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


    John Gibson appeals sanctions imposed upon him by the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bankruptcy court.  Finding no reversible error, we affirm.

                                    I.

Gibson represents Eric Sherman, the debtor, in the underlying bankruptcy proceeding.  Dorothy Scherr is the attorney for Colonial Mortgage ("Colonial"), one of Sherman's creditors.  In August 1995, Colonial and Sherman began disputing whether a court order properly calculated the post-petition arrears Sherman owed to Colonial.  Sherman informed Gibson that the order failed to account for a $465 payment he had made to Colonial.  Without obtaining a copy of the canceled check or any other proof that Sherman had made the payment, Gibson filed a motion to reconsider the order.

A hearing on Gibson's motion was set for September 26, 1995.  Prior to the hearing, Gibson spoke by telephone with Scherr, who agreed to modify the arrearage calculation if Sherman would produce a copy of the canceled check.  Gibson failed to produce a copy of the check prior to the hearing.

On the morning of the hearing, Sherman finally informed Gibson that he did not have a copy of the check.  At about the same time, Gibson received a copy of Scherr's response to his motion to reconsider, which included a motion to sanction Gibson for vexatious litigation.  Gibson proceeded to the hearing without a copy of the canceled check, whereupon the court denied his motion to reconsider.  The court also found that Gibson could have resolved the controversy by communicating more effectively with

                                   2

Scherr[1] and sanctioned him $250.

Gibson then filed a motion to reconsider the sanctions.  The district court denied the motion in a four-page order.  Gibson appealed to the district court, which affirmed.

## II.

Gibson first contends that the bankruptcy court erred by "rel[ying] exclusively on the bald assertions" of Scherr.  His truncated argument, however, is insufficient to permit us to rule in his favor; indeed, we cannot even determine what is the basis of his complaint.  To be sure, he does cite *United States v. Treadway*, 445 F. Supp. 959 (N.D. Tex. 1978), which held that an attorney may not appear before a grand jury as both prosecutor and witness.  But *Treadway* does not apply to the instant case, as Scherr did not appear before the court as a witness.  Nor does Gibson appear to be complaining that Scherr communicated *ex parte* with the court on the motion for sanctions; the record reveals that both Scherr and Gibson were present at the hearing, and the court heard from both before imposing sanctions.  Finally, we note that Gibson does not claim that any specific statement by Scherr was a misrepresentation.

Gibson also argues that he did not receive reasonable notice

---

[1] Given Scherr's willingness to have the order modified upon receipt of the canceled check, the court presumably meant that Gibson should have resolved this matter without a hearing.

that the bankruptcy court was considering sanctions.[2] He does not, however, make a due process claimSShe fails even to invoke the term "due process." Rather, he contends that the district court did not give him the notice mandated by the bankruptcy and civil rules.

Gibson's claim that the bankruptcy court failed to provide him with the notice mandated by the rules of civil procedure is utterly meritless. He complains that he did not receive the notice required by rules 5 and 6. Even a cursory examination of the rules of civil procedure, however, should have informed him that they do not apply to bankruptcy proceedings. *See* FED. R. CIV. P. 81(a)(1) ("[t]he[se rules] do not apply to proceedings in bankruptcy").

Gibson also claims that he did not receive adequate notice pursuant to BANKR. R. 9014. That rule, however, applies only "[i]n a contested matter under the Code not otherwise governed by these

---

[2] Initially, Gibson appears to argue that he did not receive an opportunity to present evidence in his defense. It is evident from the context of his argument, however, that he is actually asserting that he was unable to prepare an adequate defense because he lacked notice of the sanctions.

If Gibson is attempting to argue that the bankruptcy court did not hear from him, he is in error. The record reveals that the court heard from Gibson at the hearing on the sanctions motion before imposing sanctions. Finally, Gibson's failure to cite any legal authority in support of his position waives his argument. *See* FED. R. APP. P. 28(a)(6) (requiring that appellant's brief "contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on"); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995) (holding that "failure to provide any legal or factual analysis of an issue results in waiver"); *United States v. Maldonado*, 42 F.3d 906, 910 n.7 (5th Cir. 1995) (reasoning that failure to do more than vaguely refer to issue constitutes waiver); *Zuccarello v. Exxon Corp.*, 756 F.2d 402, 407 (5th Cir. 1985) (noting that court will not consider issue that was not briefed under standards of rule 28).

rules." The bankruptcy court imposed sanctions under rule 9011.[3] The sanctions were therefore "otherwise governed by these rules"SSspecifically rule 9011SSand rule 9014 is inapplicable.

Finally, Gibson asserts that Colonial's motion did not comply with BANRK. R. N.D. TEX. 9014(c), which requires that "[i]n any evidentiary hearing conducted on a 'contested matter,' all counsel shall certify before the presentation of evidence: (1) that good faith settlement have been held or why they were not held." Gibson appears to argue that because Scherr failed to conduct settlement negotiations regarding the sanctions motion, he received inadequate notice of the motion.

Rule 9014(c) applies only where there has been an "evidentiary hearing on a contested matter," however, and Gibson has not pointed to any such hearing. The only relevant hearing of which we are aware was the hearing on the motion to reconsider. But that hearing was not an evidentiary hearing, as neither side presented evidence or testimony under oath. We therefore find local rule 9014(c) inapplicable.

AFFIRMED.

---

[3] Colonial originally moved for sanctions pursuant to bankruptcy rule 9011 and 28 U.S.C. § 1927 (1994). At the hearing on Colonial's motion, the court simply imposed the sanction "for failure to communicate effectively with respect to [Colonial's] counsel," but it twice invoked both rule 9011 and § 1927 in its written order denying Gibson's motion to reconsider the sanction. In light of this, we conclude that the district court relied on rule 9011 and § 1927 as alternative bases for the sanction. Because we determine that the sanctions were permissible under rule 9011, we need not consider whether the court's alternative basis requires a remand.